DECISION
Plaintiff appealed to this court seeking a reduction in the real market value (RMV) of his home, identified as Account 05013290, for tax year 2009-10. Defendant filed an Answer disagreeing with Plaintiff's requested reduction in RMV and noting that "Plaintiff did not appeal to BOPTA for the 2009-10 tax year." (Def's Answer at 1.) BOPTA is an acronym for Board of Property Tax Appeals.
The court discussed the appeal with the parties during a case management conference held May 19, 2010. Plaintiff appeared on his own behalf, and was placed under oath by the court for the receipt of relevant sworn testimony regarding certain facts. Defendant was represented by Matt Healey, an appraiser in the Clackamas County Assessor's office.
 I. STATEMENT OF FACTS
Plaintiff purchased the subject property, a newly constructed home, in February 2009, for $625,000. The RMV on the assessment and tax rolls as of January 1, 2009 (the assessment date for the 2009-10 tax year) is $605,432. (Ptf's Compl at 3.) The RMV on the rolls for the prior tax year (2008-09) was considerably lower ($266,672) because the home was only partially complete on the assessment date for that tax year. (Id.) The assessed value (AV) for the tax year at issue (2009-10) is $410,464, up from $148,997 for the prior year. (Id. at 3.) The significant *Page 2 
increase in AV, which is due to the completion of the home and the resulting increase in value, generated a correspondingly significant increase in property taxes, from $2,635.86 to $7,123.43. (Id.) Plaintiff's property taxes are included in his monthly mortgage payment, and the increase in taxes triggered an increase in Plaintiff's mortgage payment. Plaintiff received an "Annual Escrow Account Disclosure Statement" dated December 30, 2009, notifying him that the monthly mortgage payment would increase slightly more than $800 because there was a "Shortage Amount" of $5,616.79 due to the increase in taxes. (Id. at 4 and 6.)
Due to a downturn in the economy, Plaintiff has requested a reduction in the RMV of his home from $605,432 to $495,000, which he believes is a "more realistic value in current conditions." (Id. at 2.) Defendant disagrees with the requested reduction in value, noting that Plaintiff paid approximately $20,000 more for the property than Defendant had valued (RMV) the property one month earlier (based on the February 2009 purchase and the January 2009 assessment date). Defendant believes that its value is accurate, and may, in fact, be low. However, Defendant stated that Plaintiff did not petition BOPTA before appealing to the Tax Court, which implicates the provisions of ORS 305.288 (2009).[1]
 II. ANALYSIS
Oregon has a structured property tax appeals system that begins with a petition to the local county BOPTA after the tax statement arrives each year in October and before December 31. ORS 311.250(1) (requiring the county tax collector to mail tax statements "on or before October 25 in each year"), ORS 309.026(2) (authorizing BOPTA to hear petitions for *Page 3 
value reduction requests), and ORS 309.100(2) (providing for an appeal "following the date the tax statements are mailed for the current tax year and ending December 31").
A taxpayer unhappy with the BOPTA decision (issued in the form of an order) can appeal to this court within 30 days of the date the BOPTA order is mailed. ORS 309.110(7) (providing for an appeal of the BOPTA order "to the magistrate division of the Oregon Tax Court"); ORS 305.280(4) (requiring that the appeal "be filed within 30 days after the * * * date of mailing of the order"). Plaintiff missed the first step in the process by not petitioning BOPTA before the December 31, 2009, deadline.
There is limited statutory authority for the court to order a reduction in the value of a separate assessment of property where the taxpayer does not properly pursue the statutory right of appeal, set forth above, provided one of two requirements set forth in ORS 305.288 is satisfied. The first is where a taxpayer asserts, and the court determines, "that the difference between the real market value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent." ORS 305.288(1)(b).[2] Plaintiff in this case has not asserted a 20 percent error in the RMV of his property. The RMV on the rolls is $605,432 and Plaintiff has requested a reduction to $495,000, which amounts to an alleged error of 18.24 percent.[3]
When questioned by the court, Plaintiff candidly acknowledged that he "got a good deal on this home, "and that he could not find sales to support a value $484,345 or less, which is the 20 percent error threshold required by ORS 305.288(1). *Page 4 
The second situation in which the Tax Court can order a reduction in value is where the taxpayer has "good and sufficient cause" for not petitioning BOPTA before coming to the Tax Court. Good and sufficient cause is defined in the statute as "an extraordinary circumstance that is beyond the control of the taxpayer * * * and that causes the taxpayer * * * to fail to pursue the statutory right of appeal." ORS 305.288(5)(b)(A). In this case, Plaintiff initially testified that he did not know that he needed to appeal his value. Plaintiff received the property tax statement and believed that the $605,000 (approximate) RMV was accurate. Plaintiff further testified that he did not "understand the laws or fiscal accounting of the state."
ORS 305.288(5)(b)(B) provides that good and sufficient cause "[d]oes not include inadvertence, oversight, [or] lack of knowledge." Plaintiff candidly admitted that he was unfamiliar with the laws and procedures applicable to Oregon's property tax system and the appeal process, and that, when he initially received the tax statement, he did not know that he "needed" to appeal. It is not clear to the court whether Plaintiff did actually need to appeal. The value does not seem out of line given that Plaintiff paid approximately $20,000 more for the property than Defendant placed on the rolls (RMV) less than two months before the purchase. Plaintiff's appeal appears to have been prompted by the increase in his mortgage payments and the $5600 escrow shortage, that has placed a financial hardship on his family, a situation Plaintiff addressed in his written narrative attached to the Complaint. Plaintiff reiterated the situation during the May 19, 2010, proceeding.
Plaintiff testified that the escrow agent advised him that there would be an increase for "2010," and that he should expect an increase in taxes. Plaintiff assumed that the payments he made in calendar year 2009 were based on a known value and that the increase in value and taxes reflected in the tax statement he received in October 2009 would take effect beginning *Page 5 
January 2010, which Plaintiff referred to as the "upcoming" year. Plaintiff expected that there would be an increase in his mortgage payment to account for the increased taxes, which he misunderstood would begin in January 2010. Plaintiff did not expect a retroactive billing of approximately $5,600 due to the shortage in escrow.
The court explained Oregon's property tax system. The assessment date for the 2009-10 tax year was January 1, 2009. The tax year is a fiscal year that started on July 1, 2009, and ended 12 months later on June 30, 2010. The tax statements were mailed midway into the tax year, in October 2009. Thus, when Plaintiff was paying his prorated portion of the taxes in February 2009 during the closing on the purchase of the home, those taxes were for the 2008-09 tax year. More importantly, the values for the upcoming 2009-10 tax year were not known at the time of Plaintiff's closing, and neither the escrow agent nor the mortgage company knew what the property taxes would be. As a result, there was no way of determining an amount to be withheld as part of the mortgage payment to account for the anticipated increase in property taxes for the "upcoming" tax year that began on July 1, 2009. The situation occurred because the home was only partially complete for the prior tax year and, although the escrow agent was aware of, and advised Plaintiff, that there would be an increase in taxes, the amount was difficult, if not impossible, to estimate, had the escrow officer been inclined to pursue the matter.
Plaintiff asked the court for mercy, explaining that he operated under a lack of understanding of the "laws and fiscal accounting of the state." The court then provided an overview of the "good and sufficient cause" standard in ORS 305.288(3). In response, Plaintiff stated that he and his wife had their first baby on October 19, 2009, and that that situation "could be considered an extraordinary circumstance." There are two problems with that proposition. The first is that having a baby is not an extraordinary circumstance. Thousands of babies are *Page 6 
born in the United States every day. Without the ongoing birth of new babies, humanity would become extinct. Second, there is no indication that the birth of the baby was beyond Plaintiff's control. The court need not comment further on that aspect of the good and sufficient cause standard.
 III. CONCLUSION
The court concludes that Plaintiff's appeal should dismissed because Plaintiff did not file a petition with BOPTA before appealing to the Tax Court and he does not meet the provisions in ORS 305.288 that allow the court to consider an appeal notwithstanding the procedural irregularity. Plaintiff has not alleged an error in RMV of at least 20 percent, and he does not have "good and sufficient cause" for not petitioning BOPTA before coming to the court. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal for a reduction in RMV for the 2009-10 tax year must be dismissed.
Dated this ___ day of July 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon July 22, 2010. The Court filed and entered this documenton July 22, 2010.
[1] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2007. The court is relying on the 2009 edition of the statutes for the ORS 305.288 analysis because Plaintiff's Complaint was filed in March 2010, which was after the effective date of the 2009 statutes. However, for purposes of the court's discussion and analysis of the issuance of the tax statements and the appeal process, the 2007 statutes apply because the act Plaintiff is appealing is the assessor's valuation of the property, notice of which was given in October 2009, prior to the effective date of the 2009 statutes.
[2] To withstand a motion for dismissal, the taxpayer need only allege a 20 percent error in value. If that threshold allegation is made, the taxpayer is given further opportunity to prove the allegation to the court's satisfaction. In other words, the 20 percent error provision entails a two-step process: (1) a 20 percent error allegation; (2) proof of a 20 percent error.
[3] The 20 percent error threshold is $484,345.